As this was a new point, the judges took this opportunity of expressing their opinions of the case, and of what ought to be the practice in such cases as the present one in future. That as to the principle contended for by Mr. Parker, it was a correct one ; for each party in the summary jurisdiction of this court under 20/. sterling, had a right to avail themselves of all matters both in law and equity ; that is, as long as common law rules of evidence will bear them out, they ought to be bound by the common law rules in the first place ; and where they fail, that the parties may then resort to equitable principles, to supply the defects of the common law. That where there is no other evidence to be procured, the defendant has a right to call upon the plaintiff to answer on oath, touching any matter known only to the parties themselves ; and if the plaintiff refuses to answer, then to take the matter pro confesso, or to move for a nonsuit, as the case may be ; but that loose, verbal notices were by no means sufficient for that purpose. In every case, therefore, where a defendant wished to avail himself of such kind of testimony, or answers from the plaintiff, he ought at the time of filing his discount to give the plaintiff notice in writing, that he would call upon him for answers on oath to "the points he wished to make him answer unto, specifying them, particularly, in order to guard against surprise.
As the practice, however, had not heretofore been settled on this head, they thought it but reasonable to give the plaintiff another hearing.
Rule for a new trial made absolute,
Present, Bueke, Watxes and Bay.
The above may be considered as a rule of practice rather than as an adjudged case.
*282 J7. R. This case ought to have been placed among the causes in 1799, before Judge Burice left the common law bench, but by accident it was omitted in its proper place.